SUMMARY ORDER

Cai Fang Zheng, a native and citizen of the People’s Republic of China, seeks review of a April 18, 2008 order of the BIA affirming the October 13, 2006 decision of Immigration Judge (“IJ”) George T. Chew denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Cai Fang Zheng, No. A96 336 585 (B.I.A. Apr. 18, 2008), aff'g No. A96 336 585 (Immig. Ct. N.Y. City Oct. 13, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We will vacate and remand for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 406 (2d Cir.2005).
In evaluating an adverse credibility determination, we consider “whether the determination was supported by substantial evidence and based on specific, cogent reasons bearing a legitimate nexus to the determination.” Belortaja v. Gonzales, 484 F.3d 619, 626 (2d Cir.2007). The agency may properly base an adverse credibility determination on a discrepancy in the petitioner’s evidence if the discrepancy in question goes “to the heart” of the applicant’s claim for relief, see Xu Duan Dong v. Ashcroft, 406 F.3d 110, 112 (2d Cir.2005) (quoting Ramsameachire v. Ashcroft, 357 F.3d 169, 182 (2d Cir.2004)), that is, if a “legitimate nexus” exists between the applicant’s claim of persecution and the discrepancy identified by the IJ, Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).*
Here, the discrepancies relied upon by the IJ were not minor or ancillary clerical errors. They had a “legitimate nexus” to Zheng’s claim for relief. See id. Zheng alleged that she suffered past persecution in the form of a forced abortion, and she testified that she was subjected to the *734 forced abortion because her attempt to go into hiding before family-planning officials could apprehend her was frustrated by a bicycle accident that resulted in her husband’s hospitalization and partial paralysis. Thus, the timing of the forced abortion and the bicycle accident were of central importance to Zheng’s claim that she had suffered past persecution. See Xu Duan Dong, 406 F.3d at 112. The different dates on the documents that Zheng submitted in support of her application undermined her testimony that the family-planning officials were waiting at her home to take her for an abortion when she returned there after her husband’s hospital admission and thus cast into doubt her claims regarding the timeline of her alleged persecution. Accordingly, the discrepancies between Zheng’s testimony and her supporting documentation with respect to the dates of her abortion and her husband’s hospitalization went to the heart of her claim, and the IJ did not err in using them as the basis of his adverse credibility determination. See id.
Zheng attempted to explain the discrepancies by testifying that her family had obtained the records for her and that, “[b]ecause [she] thought everything was true,” she did not “pay that much attention” to the contents of the documents. However, the IJ acted reasonably in declining to accept this explanation. See Majidi v. Gonzales, 430 F.3d 77, 80 (2d Cir.2005). The IJ therefore did not err in denying Zheng’s asylum claim based on an adverse credibility determination.
To the extent that Zheng’s claims for withholding of removal and CAT relief were based upon the same factual predicate as her asylum claim, those claims were necessarily doomed by the adverse credibility determination in this case. See Paul v. Gonzales, 444 F.3d 148, 155 (2d Cir.2006). Zheng has abandoned her CAT claim to the extent that it was based on her illegal departure from China. Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir. 2007).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.

 The REAL ID Act of 2005 abrogated this Court’s holding in Secaida-Rosales that a discrepancy must be “substantial” when measured against the record as a whole. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008). However, the credibility provisions of the REAL ID Act apply only to asylum applications filed after May 11, 2005. Zheng filed her application prior to that date.